STATE OF LOUISIANA

**CITATION**

32nd Judicial District Court

SITTING IN AND FOR THE PARISH OF TERREBONNE

TAMMY FORET FREEMAN, ET. AL.

**TO** QUICKEN LOANS, INC., THROUGH ITS AGENT FOR
SERVICE OF PROCESS: C.T. CORPORATION SYSTEMS

VS.#153662

A RESIDENT OF EAST BATON ROUGE PARISH

QUICKEN LOANS, INC., ET. AL.

ADDRESS: 5615 CORPORATE BLVD., STE. 400 B
BATON ROUGE, LA 70808

You are hereby summoned to comply with the demand of the __ORIGINAL__

Petition__A___, true and faithful cop__Y____ whereof accompan__IES__ this citation, or to make an
appearance by filing an answer or other pleading thereto, in writing, with the Clerk of Court at his office
in the City of Houma, within fifteen (15) days after the service hereof; and your failure to so comply will
subject you to the penalty of having a default judgment rendered against you.

Witness the Honorable Judges of said Court this _3RD_ day of _MARCH_____, A.D., 20_08_.

(L.S.) _/s/ Holly O. Gaudet_____

Deputy Clerk of Court

A true copy:

MAR 0 3 2008

Clerk's Office, Houma, La.,_____, A.D. 20____.

_Holly O. Gaudet_____

Deputy Clerk of Court

| **SHERIFF'S RETURN** | |
|---|---|
| **PERSONAL SERVICE** | **DOMICILIARY SERVICE** |

| | |
|---|---|
| STATE OF LOUISIANA | STATE OF LOUISIANA |
| PARISH OF _____ | PARISH OF _____ |
| Received on _____ | Received on _____ |
| the within _____ | the within _____ |
| together with a true copy thereof and a true | together with a true copy thereof, and a true |
| copy of pleadings mentioned above and on the | copy of pleadings mentioned above and on the |
| _____ day of _____, 20____, | _____ day of _____, 20____ |
| I served the same on the said _____ | I served the same at the domicile of the said |
| | _____ |
| | situated in the Parish of _____ |
| | La. at about_____miles from the courthouse of the |
| IN PERSON in the Parish of _____ | Parish of _____, La. |
| La., at about_____miles from the courthouse of | by leaving the said true copies in the hands of |
| the said Parish. | a person apparently over the age of 16 years, |
| | being and residing at the said domicile of the |
| | said _____ |
| WHEREOF, I make this my return on this | who was absent at the time of service as |
| | determined from the interrogation of the said |
| _____day of_____ 20___. | _____, relative thereto. |
| | WHEREOF, I made this my return on this |
| | the_____day of _____, 20____. |
| _____ | _____ |
| Deputy Sheriff | Deputy Sheriff |
| Parish of_____ | Parish of _____ |

RETURN AND FILED:

_____

_____

Deputy Clerk of Court

Requested By: ANDRE LAPLACE
2762 CONTINENTAL DRIVE, SUITE 103
BATON ROUGE, LA 70808
225/924-6898

FEE:      $_____

MILEAGE:  $_____

Total:    $_____

**EXHIBIT**

_A_

THIRTY-SECOND JUDICIAL DISTRICT COURT

PARISH OF TERREBONNE

STATE OF LOUISIANA

TAMMY FORET FREEMAN AND
LARRY SCOTT FREEMAN

SUIT NO. 153662

VERSUS

QUICKEN LOANS, INC., AND
TITLE  SOURCE, INC.

DIV.  4

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## PETITION  FOR  DAMAGES

The petition of  Tammy Foret Freeman and Larry Scott Freeman, residents of Terrebonne Parish, State of Louisiana, with respect represents:

1.

Made defendant herein is QUICKEN LOANS, INC., (hereinafter referred to as "Quicken Loans"), a foreign corporation authorized to do and doing business in the State of Louisiana, whose registered agent for the service of process is: C.T. Corporation Systems, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA  70808.

2.

Made defendant herein is TITLE SOURCE, INC., (hereinafter referred to as "Title Source"), a foreign corporation authorized to do and doing business in the State of Louisiana, whose registered agent for the service of process is: C.T. Corporation Systems, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA  70808.  Upon information and belief, Title Source does business under the assumed name of "TSI Appraisal Services".

3.

This Court has jurisdiction over this action and venue is proper because the property upon which the mortgage loan was placed is located in this judicial district, and the illegal charges were incurred in this judicial district.  Plaintiffs suffered the damages alleged herein in Terrebonne Parish. The Plaintiffs stipulate that the amount in controversy does not exceed Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

4.

On February 14, 2007, Tammy and Larry Freeman entered into a mortgage transaction with Quicken Loans, Inc.  The loan was obtained in a consumer credit transaction and was primarily for personal, family or household purposes, and the mortgage was secured by the Plaintiffs' dwelling.  The note and mortgage that the Plaintiffs entered into with Quicken Loans created a "federally related mortgage loan" as defined at 12 U.S.C. § 2602(1).

5.

Quicken Loans charged the Plaintiffs, as indicated on the HUD-1 statement, a loan discount fee of $980.00 - an amount equal to 1% of their loan amount.  The Plaintiffs show that they did not negotiate for a buy-down of the interest rate with Quicken Loans, nor did they receive a lower interest rate in return for paying the loan discount fees.

6.

Plaintiffs show that a loan discount fee, often called "points" or "discount points", is a one-time charge imposed by a lender to **lower** the interest rate at which the lender would otherwise offer the loan.  Plaintiffs were charged an amount denominated as "loan discount" fees on their HUD-1 by Quicken Loans, but show that they did not receive a concomitant reduction in their interest rate.  On information and belief, the loan discount fees charged to the Plaintiffs did not result in a lower interest rate for the Plaintiffs' loan.

7.

Plaintiffs also show that they were charged $300 for an appraisal of their residence by a local real estate appraiser, and an additional $80 fee with only a reference to "TSI Appraisal Services" on the HUD-1 statement.

8.

Plaintiffs' claims arise, in part, under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 *et seq.*, in connection with Quicken Loans' imposition of a loan discount fee for which no service was provided, and no interest rate discount was given or bargained for in connection with their loan, and in connection with fees charged by Title Source d/b/a TSI Appraisal Services in that the fee was split and/or TSI Appraisal Services provided no, nominal, or duplicative work in connection with the Plaintiffs' loan for the $80 fee incurred and/or the $80 fee was in excess of the reasonable value of goods or facilities provided for the

services actually performed by Title Source, all in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601, *et seq.*

9.

RESPA requires the lender to provide the borrower a settlement statement which shall "conspicuously and clearly itemize all charges imposed upon the borrower … in connection with the settlement." 12 U.S.C. § 2603(a).

10.

Plaintiffs aver that Quicken Loans disguised unearned fees by calling them discount points on the Plaintiffs' HUD-1. Although the Plaintiffs' HUD-1 showed an amount on line 802 as loan discount fees or points, they are in actuality bogus charges and/or fees, the purpose of which was to increase unearned compensation for Quicken Loans.

11.

RESPA prohibits unearned fees: "No person shall give and no person shall accept any portion, split, or percentage of any charge, made of received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b).

12.

A consumer reviewing his or her HUD-1 without the benefit of a Quicken Loan price list and rate sheet would be unable to determine that he or she had been overcharged for loan discount fees or the true purpose of the unearned fees.

13.

Plaintiffs exercised reasonable diligence during their loan transactions and dealings with Quicken Loans and in reviewing their loan documentation, they could not have, nor been reasonably expected to, uncover the true facts.

14.

Plaintiffs were entitled to have their federally related mortgage transaction closed without charges being imposed for services not performed, and without charges in excess of the amount allowed by RESPA.

15.

Plaintiffs aver that the Defendants' lending scheme, as described above, violates RESPA at 12 U.S.C. § 2607.

16.

Plaintiffs aver that the section 802 (loan discount) and 888 (TSI Appraisal Services) charges listed on their HUD-1 were imposed for services that were not bona fide, not rendered, not paid or were for nominal, unreasonable or duplicative services for which no fees were earned and for which no fees should have been imposed, all in violation of RESPA at 12 U.S.C. § 2607, and RESPA's implementing regulations, Regulation X, at 24 C.F.R. § 3500.14.

17.

As a result of the RESPA violations alleged above, Plaintiffs have been damaged in an amount to be determined at a trial of this action, where they will seek all permissible damages, including, but not limited to, compensatory damages, treble damages, costs, interest and reasonable attorneys' fees.

18.

Plaintiffs further show that the parties entered into a mortgage and loan contract.

19.

Plaintiffs aver that the Defendants have breached the contract(s) they entered into with the Plaintiffs by charging and collecting unearned loan discount fees and appraisal fees.  The Plaintiffs show that they have been damaged as a result of the breach of contract(s) and they are entitled to damages as a result of the breach(es) as provided by law.

20.

Plaintiffs aver that they have paid a thing or debt not owed to the Defendants in the form of unearned loan discount fees and appraisal fees, and therefore, the Defendants are obligated to return those unearned fees to the Plaintiffs.

21.

Plaintiffs aver that the Defendants have been unjustly enriched in the charging and collecting of unearned loan discount fees and appraisal fees from the Plaintiffs, and therefore, the Defendants are obligated to return the unearned fees to the Plaintiffs.

**WHEREFORE,** Plaintiffs pray that Defendants Quicken Loans, Inc., and Title Source, Inc., be served with a copy of this petition and cited to appear and answer same, and, that after all due proceedings had, there be a judgment herein in favor of the Plaintiffs and awarding the Plaintiffs all compensatory, statutory and treble damages provided under applicable law, as well as for all  costs of this suit and for legal interest, including attorneys' fees, if applicable, and all

just and equitable relief.

BY ATTORNEYS:

ANDRÉ LAPLACE   - LSBA#8039
ATTORNEY AT LAW
2762 CONTINENTAL DRIVE
SUITE 103
BATON ROUGE, LOUISIANA 70808
(225) 924-6898
(225) 924-6877 TELEFAX

STAN P. BAUDIN – LSBA #22937
PATRICK W. PENDLEY – LSBA #10421
PENDLEY BAUDIN & COFFIN, LLP
24110 EDEN STREET
P.O. DRAWER 71
PLAQUEMINE, LA 70765
(225) 687-6396 – PHONE
(225) 687-6398 – FAX

**PLEASE  SERVE:**

QUICKEN  LOANS, INC.
Through its agent for service of process:
C.T. Corporation Systems
5615 Corporate Blvd., Suite 400B,
Baton Rouge, LA  70808.

And

TITLE  SOURCE, INC.
Through its agent for service of process:
C.T. Corporation Systems
5615 Corporate Blvd., Suite 400B,
Baton Rouge, LA  70808.

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA.      MAR 0 3 2008      , 20
BY

Deputy Clerk of Court

FILED

FEB 19 2008

/s/ Holly O. Gaudet
Deputy Clerk of Court
Parish of Terrebonne, LA

**32ND JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE**

**STATE OF LOUISIANA**

NO. 153662                                                            **DIVISION A**

**TAMMY FORET FREEMAN and LARRY SCOTT FREEMAN**

**VERSUS**

**QUICKEN LOANS, INC. and TITLE SOURCE, INC.**

FILED:_____        _____

                                                            **DEPUTY CLERK**

**NOTICE TO COUNSEL AND THE CLERK OF COURT FOR THE
32ND JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE**

TO:   **Honorable George J. Larke, Jr.**
      **Judge, 32nd Judicial District Court**
      Parish of Terrebonne
      7856 E. Main Street
      Houma, LA  70360-3405

      **Honorable I. Robert Boudreaux**
      **Clerk of Court, 32nd Judicial District Court**
      Parish of Terrebonne
      7856 E. Main Street
      Houma, LA  70360-3405

      **Andre LaPlace, Esq.**
      2762 Continental Drive, Suite 103
      Baton Rouge, LA  70808

      **Stan P. Baudin, Esq.**
      **Patrick W. Pendley, Esq.**
      **Pendley Baudin & Coffin, LLP**
      24110 Eden Street
      P.O. Drawer 71
      Plaquemine, LA  70765

      **PLEASE TAKE NOTICE** that Quicken Loans, Inc. and Title Source, Inc., defendants

in the above entitled action, this day filed a Notice of Removal in the Office of the Clerk of the

United States District Court for the Eastern District of Louisiana, at 500 Camp Street, New

Orleans, Louisiana  70130.  A copy of the Notice of Removal is being served herewith as

required by 28 U.S.C. § 1446(d), which provides the following:

> Promptly after the filing of such Petition for the removal of a civil
> action the defendant or defendants shall give written notice thereof
> to all adverse parties and shall file a copy of the notice with the
> clerk of such State court, which shall effect the removal and the
> State court shall proceed no further unless and until the case is
> remanded.

Respectfully submitted:

_____
**ANTHONY J. ROLLO, T.A. (1133)**
**ERIC J. SIMONSON (21876)**
**LAUREN E. CAMPISI (29787)**
**McGlinchey Stafford, PLLC**
643 Magazine Street
New Orleans, Louisiana  70130-3477
Telephone: (504) 596-2807
Facsimile: (504) 596-0304
**Counsel for Petitioners,**
**Quicken Loans, Inc. and Title Source, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record herein, by either telecopy transmission, email, hand delivery, or placing same in the U.S. Mail, postage prepaid, this 11th day of April, 2008.

_____
**ERIC J. SIMONSON**

746590.1

-2-