FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 APR 11  PM 4: 01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMMY FORET FREEMAN and LARRY SCOTT FREEMAN | § § § | CIVIL ACTION NO. 08-1626 |
| VERSUS | § § | SECTION  SECT. J  MAG. 5 |
| QUICKEN LOANS, INC. and TITLE SOURCE, INC. | § § § | DIVISION _____ |

## QUICKEN LOAN, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFFS' PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Quicken Loans, Inc. ("Quicken Loans"), who submits its answers and defenses to the Petition for Damages ("Petition") filed by the plaintiffs, Tammy Foret Freeman and Larry Scott Freeman ("Plaintiffs"), in the above-captioned matter. Quicken Loans, with full reservation of its defenses, and with respect, represents as follows:

### FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim or cause of action against Quicken Loans upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**AND NOW**, for answer to the separate allegations contained in Plaintiffs' Petition, Quicken Loans avers as follows:

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

**INTRODUCTORY PARAGRAPH**

In response to the first un-numbered Introductory Paragraph of the Petition, Quicken Loans denies that Plaintiffs are residents of Terrebonne Parish, State of Louisiana, for lack of information sufficient to justify a belief therein. The remaining allegations of the first un-numbered Introductory Paragraph do not require a response from Quicken Loans.

I.

Quicken Loans admits the allegations contained in Paragraph 1 of the Petition.

II.

The allegations contained in Paragraph 2 of the Petition are not direct to and require no response from Quicken Loans. To the extent that a response may be required, Quicken Loans denies said allegations for lack of information sufficient to justify a belief therein.

III.

The allegations contained in Paragraph 3 of the Petition concerning jurisdiction, venue, illegal charges, and damages state legal conclusions to which no response is required. Quicken Loans specifically denies that there were any illegal charges collected in connection with the Plaintiffs' mortgage loan and that any damages were suffered by the Plaintiffs. In the alternative, if the Plaintiffs sustained any damages, which is specifically denied, Quicken Loans admits that the amount in controversy does not exceed $75,000, as so stipulated by the Plaintiffs.

IV.

In response to the allegations contained in Paragraph 4 of the Petition, Quicken Loans admits that the Plaintiffs executed a promissory note and mortgage in favor of Quicken Loans on February 14, 2007. The remaining allegations contained in Paragraph 4 of the Petition state legal conclusions and include terms with specific legal meaning to which no response is required. To the extent that a response may be required, Quicken Loans submits that the Real Estate

Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, is the best evidence of its terms, and Quicken Loans denies all allegations that conflict with RESPA. Quicken Loans further denies all allegations of fact contained in Paragraph 4 of the Petition.

V.

In response to the allegations contained in Paragraph 5 of the Petition, Quicken Loans admits that it collected $980.00 in loan discount fees from the Plaintiffs, as disclosed on the HUD-1 Settlement Statement. Quicken Loans denies the remaining allegations contained in Paragraph 5 of the Petition.

VI.

The allegations contained in Paragraph 6 of the Petition state legal conclusions regarding the meaning of "points" and "discount points" to which no response is required. Quicken Loans that it collected $980.00 in loan discount fees from the Plaintiffs in connection with their February 14, 2007 loan, as disclosed on the HUD-1 Settlement Statement. Quicken Loans denies the remaining allegations contained in Paragraph 6 of the Petition.

VII.

In response to the allegations contained in Paragraph 7 of the Petition, Quicken Loans admits that the HUD-1 Settlement Statement accurately reflects settlement service charges payable to Brian LaRose Appraisal in the amount of $300.00 and to TSI Appraisal Services in the amount of $80.00. Quicken Loans denies the remaining allegations contained in Paragraph 7 of the Petition.

VIII.

The allegations contained in Paragraph 8 of the Petition state legal conclusions to which no response is required. To the extent that a response may be required, Quicken Loans submits

that RESPA is the best evidence of its terms, and Quicken Loans denies all allegations that are inconsistent therewith.  Quicken Loans also specifically denies that it violated RESPA and specifically denies all allegations of fact contained in Paragraph 8 of the Petition.

IX.

The allegations contained in Paragraph 9 of the Petition state legal conclusions to which no response is required.  To the extent that a response may be required, Quicken Loans submits that RESPA is the best evidence of its terms, and Quicken Loans denies all allegations that are inconsistent therewith.

X.

Quicken Loans denies the allegations contained in Paragraph 10 of the Petition.

XI.

The allegations contained in Paragraph 11 of the Petition state legal conclusions to which no response is required.  To the extent that a response may be required, Quicken Loans submits that RESPA is the best evidence of its terms, and Quicken Loans denies all allegations that are inconsistent therewith.

XII.

Quicken Loans denies the allegations contained in Paragraph 12 of the Petition.

XIII.

Quicken Loans denies the allegations contained in Paragraph 13 of the Petition.

XIV.

The allegations contained in Paragraph 14 of the Petition state legal conclusions to which no response is required.  To the extent that a response may be required, Quicken Loans submits that RESPA is the best evidence of its terms, and Quicken Loans denies all allegations that are

inconsistent therewith. Quicken Loans further denies all allegations of fact contained in Paragraph 14 of the Petition.

XV.

The allegations contained in Paragraph 15 of the Petition state legal conclusions to which no response is required. To the extent that a response may be required, Quicken Loans submits that RESPA is the best evidence of its terms, and Quicken Loans denies all allegations that are inconsistent therewith. Quicken Loans further denies all allegations of fact contained in Paragraph 15 of the Petition.

XVI.

The allegations contained in Paragraph 16 of the Petition state legal conclusions to which no response is required. To the extent that a response may be required, Quicken Loans submits that RESPA is the best evidence of its terms, and Quicken Loans denies all allegations that are inconsistent therewith. Quicken Loans further denies all allegations of fact contained in Paragraph 16 of the Petition.

XVII.

The allegations contained in Paragraph 17 of the Petition state legal conclusions to which no response is required. To the extent that a response may be required, Quicken Loans submits that RESPA is the best evidence of its terms, and Quicken Loans denies all allegations that are inconsistent therewith. Quicken Loans further denies all allegations of fact contained in Paragraph 17 of the Petition.

XVIII.

In response to the allegations contained in Paragraph 18 of the Petition, Quicken Loans admits that the Plaintiffs executed a promissory note and mortgage on February 14, 2007 in favor

of Quicken Loans. Quicken Loans denies that co-defendant Title Source was a party to either the afore-described promissory note or mortgage.

XIX.

The allegations contained in Paragraph 19 of the Petition state legal conclusions to which no response is required. To the extent that a response may be required, Quicken Loans denies the allegations contained in Paragraph 19 of the Petition.

XX.

The allegations contained in Paragraph 20 of the Petition state legal conclusions to which no response is required. To the extent that a response may be required, Quicken Loans denies the allegations contained in Paragraph 20 of the Petition.

XXI.

The allegations contained in Paragraph 21 of the Petition state legal conclusions to which no response is required. To the extent that a response may be required, Quicken Loans denies the allegations contained in Paragraph 21 of the Petition.

XXII.

Quicken Loans denies the allegations contained in the unnumbered Paragraph of the Petition entitled beginning with "WHEREFORE," and all subparts thereto.

XXIII.

**THIRD AFFIRMATIVE DEFENSE**

Quicken Loans denies all allegations in the Petition that were not heretofore admitted.

**FOURTH AFFIRMATIVE DEFENSE**

The claims asserted by the Plaintiffs are barred by the applicable statute of limitations, prescriptive and peremptive periods, and/or laches as is evident on the face of the Petition.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are barred by the doctrines of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are subject to any rights or setoff and/or recoupment that Quicken Loans may have.

### EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are barred by the statute of frauds and/or the parol evidence rule.

### NINTH AFFIRMATIVE DEFENSE

At all relevant times, Quicken Loans acted in accordance with any and all of its obligations to the Plaintiffs, and the laws of the State of Louisiana and of the United States of America.

### TENTH AFFIRMATIVE DEFENSE

Quicken Loans is not liable for any of the claims in the Petition because Quicken Loans' conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

Quicken Loans is not liable for any of the claims in the Petition because Quicken Loans' conduct and disclosures at all times complied, and were in good faith conformity, with RESPA.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Quicken Loans are improperly brought under RESPA and should be dismissed accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

Quicken Loans did not give or accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with the Plaintiff's mortgage loan other than for services actually performed.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs have not sustained any damages proximately caused by Quicken Loans.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' state law claims (to the extent that any have been properly alleged, which is denied) may be preempted.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any damages sustained by the Plaintiffs (the existence of which damages is denied) were the result of acts or omissions of persons other than Quicken Loans, for which Quicken Loans is not legally responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate any damages they incurred (the existence of which damages is denied).

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs should be dismissed, or alternatively, their damages (which purported claims and damages are hereby expressly denied) should be reduced due to Plaintiffs' own negligent and/or wrongful conduct and/or own breach of contract, and/or conduct of third parties.

### NINETEENTH AFFIRMATIVE DEFENSE

The rights, obligations and duties of Quicken Loans to the Plaintiffs are exclusively defined by contract.

### TWENTIETH AFFIRMATIVE DEFENSE

The terms, conditions, and provisions of the documents memorializing the Plaintiffs' alleged agreement(s) with Quicken Loans are specifically and affirmatively pled herein, as if set forth herein in full, which terms, conditions and provisions act to bar and/or limit the claims of the Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiffs have failed to plead fraud with specificity, as needed to establish equitable tolling, as required by Rule 9 of the Federal Rules of Civil Procedure.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Quicken Loans did not conceal any fact regarding the fees collected in connection with the Plaintiffs' February 14, 2007 promissory note and mortgage.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Quicken Loans reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Quicken Loans further answers by asserting the responses raised in this Answer as defenses.

**WHEREFORE**, Quicken Loans Loans, Inc. respectfully prays that this Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings are had, there be judgment herein in its favor, dismissing the Petition for Damages filed by Plaintiffs,

Tammy Foret Freeman and Larry Scott Freeman, with prejudice, at Plaintiffs' costs, granting Quicken Loans its attorneys' fees, and all such relief to which Quicken Loans is entitled.

Respectfully submitted:

_____
ANTHONY J. ROLLO, T.A. (1133)
ERIC J. SIMONSON (21876)
LAUREN E. CAMPISI (29787)
**McGlinchey Stafford, PLLC**
643 Magazine Street
New Orleans, Louisiana  70130-3477
Telephone: (504) 596-2807
Facsimile: (504) 596-0304
**Counsel for defendant,
Quicken Loans, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record herein, by either telecopy transmission, email, hand delivery, or placing same in the U.S. Mail, postage prepaid, on April 11, 2008.

_____
ERIC J. SIMONSON

745934.1